JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-5749 JGB (DTBx)** | Date | October 8, 2026 |
|---|---|---|---|
| Title | ***Elizabeth Nava Anguiano v. Portfolio Recovery Associates, LLC*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: Order: (1) REMANDING Action for Lack of Jurisdiction; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

## I. BACKGROUND

On March 17, 2026, Plaintiff Elizabeth Nava Anguiano ("Plaintiff") filed a Claim and Order to Go to Small Claims Court in the Superior Court of California, County of San Bernardino. ("Claim," Dkt. No. 1-1.) Plaintiff alleges that Defendant continued to report an inaccurate and disputed collection account on her credit report despite multiple written disputes, requests to validate the debt or verify the account, certified letters, credit bureau disputes, and complaints to the Consumer Financial Protection Bureau. (Id. at 2.) Plaintiff seeks $10,000 in damages for emotional distress and hardship, harm to creditworthiness, certified mail/documentation expenses, and time preparing for the dispute. (Id. at 3.)

On September 29, 2026, Defendant Portfolio Recovery Associates, LLC ("Defendant") filed a notice of removal, invoking this Court's federal question jurisdiction. ("Notice of Removal," Dkt. No. 1.) Defendant asserts that Plaintiff's allegations "invoke duties imposed on furnishers of credit information by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., as well as the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 15 U.S.C. §§ 1692, et seq." (Id. at 1.)

## II. LEGAL STANDARD

"The federal courts are under an independent obligation to examine their own jurisdiction." FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990). "If at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3). There are two bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To determine whether it has federal question jurisdiction in an action, a court follows the well-pleaded complaint rule and considers only whether a federal question is presented on the face of the plaintiff's complaint. Taylor v. Anderson, 234 U.S. 74, 75 (1914); see also City of Oakland v. BP PLC, 969 F.3d 895 (9th Cir. 2020). Defenses or counterclaims raised in a defendant's answer—even if certain to be raised—cannot independently establish subject matter jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002). Two principles guide federal courts' adherence to the well-pleaded complaint rule: first, as "the master of the complaint," the plaintiff is entitled to avoid federal jurisdiction by exclusive reliance on state law; second, allowing a defense or counterclaim to establish federal question jurisdiction "would radically expand the class of removable cases, contrary to the 'due regard for the rightful independence of state governments' that our cases addressing removal require." Holmes, 535 U.S. at 831–32; Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

## III. DISCUSSION

The Court sua sponte **REMANDS** this action to the Superior Court of California, County of San Bernardino for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). The Court lacks federal question jurisdiction because Plaintiff's Claim does not assert any causes of action under federal law, or for that matter mention any federal laws, and no exceptions to the well-pleaded complaint rule apply. City of Oakland, 969 F.3d at 903, 906. The Court need not look beyond the face of Plaintiff's Claim. Caterpillar, 482 U.S. at 392. Since any federal issues raised by Defendants' defenses or counterclaims would not independently confer this Court with subject matter jurisdiction, the Court need not consider whether Plaintiff's allegations "invoke" Defendant's duties under the FCRA or FDCPA. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

## IV. CONCLUSION

Accordingly, the Court sua sponte **REMANDS** this action to the Superior Court of California, County of San Bernardino for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**